## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.,** | : |
| a Delaware corporation, | : |
| 915 Meeting Street, Suite 600 | : |
| North Bethesda, MD 20852 | : |
| | : |
| Plaintiff, | : |
| v. | :     Case No.: _____ |
| | : |
| **PIRI, INC.,** | : |
| a Pennsylvania corporation, | : |
| 15 Valley Rd. West | : |
| Danville, PA 17821 | : |
| SERVE: Pirian Sivakumar, Registered Agent | : |
| 15 Blue Wolf Trl. | : |
| Watchung, NJ 07069 | : |
| | : |
| and | : |
| | : |
| **PIRIAN SIVAKUMAR**, individually, | : |
| 15 Blue Wolf Trl. | : |
| Watchung, NJ 07069 | : |
| | : |
| Defendants. | : |

## APPLICATION TO CONFIRM ARBITRATION AWARD

**COMES NOW**, the Plaintiff, **CHOICE HOTELS INTERNATIONAL, INC.,** by and through its undersigned counsel, and hereby files its Application to Confirm Arbitration Award seeking confirmation of an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§9 and 13, against Defendants PIRI, Inc. and Pirian Sivakumar ("Defendants"), and for entry of judgment thereupon.  In support of its Application, Plaintiff avers as follows:

1.     Choice Hotels International, Inc., ("Plaintiff") is a publicly traded company incorporated under the Delaware law with its principal place of business located in North Bethesda, Maryland, and is primarily in the business of franchising hotels domestically and internationally under its trade and brand marks, names and systems, including but not limited to the trade and brand marks, names and systems associated with Comfort Inn®.

2.     Defendant PIRI, Inc. is a corporation organized under Pennsylvania law with its principal place of business in Danville, PA.  Based upon information, knowledge, and belief, Defendant PIRI, Inc. has no place of business in Maryland or Delaware.  Based upon information, knowledge, and belief, Defendant PIRI, Inc. is owned by Defendant Pirian Sivakumar.

3.     Defendant Pirian Sivakumar is an individual who at all times relevant to these and underlying proceedings was, and is currently, a citizen of New Jersey.  Based upon information, knowledge, and belief, Defendant Pirian Sivakumar is neither employed in nor resides in Maryland or Delaware.

4.     Defendants and Plaintiff entered into a Franchise Agreement in Maryland, on or about July 8, 2015, (the "Franchise Agreement") pursuant to which Plaintiff licensed Defendants to operate a hotel in Mifflinville, PA, utilizing Plaintiff's Comfort Inn® trade and brand names, marks and system (the "Hotel").

5.     On or about February 24, 2021, Choice terminated the Franchise Agreement pursuant to §10(b)(2)(b) of the Franchise Agreement due to Defendant's loss of possession of the Hotel to a receiver.  Plaintiff sent Defendants written notice of termination on February 24, 2021, and made demand for immediate payment of contractually specified fees, interest, and liquidated damages.

2

6.     Defendants failed to pay the contractually specified fees, interest and liquidated damages to Plaintiff.  Plaintiff initiated arbitration proceedings with the American Arbitration Association against Defendants on or about September 28, 2023, pursuant to the arbitration clause of the parties' Franchise Agreement (the "Arbitration Agreement"), seeking resolution of its dispute with Defendants.  Specifically, Plaintiff claimed that Defendants materially breached the parties' Franchise Agreement by losing possession of the Hotel, and owed Plaintiff outstanding franchise fees and interest, plus liquidated damages and costs incurred as a result of Defendants' material breach.  The parties' Arbitration Agreement states in relevant part:

> …any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement…will be sent to final and binding arbitration before…the American Arbitration Association…in accordance with the Commercial Arbitration Rules of the American Arbitration Association…..The arbitrator will apply the substantive laws of Maryland….  Judgment on the arbitration award may be entered in any court having jurisdiction. If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear.  Any arbitration will be conducted at our headquarters office in Maryland.

*See* Pl. Ex. 1, Arbitration clause §21.

7.     The arbitration was conducted in accordance with the terms of the parties' Arbitration Agreement, the Commercial Rules of the American Arbitration Association, and the substantive laws of Maryland.

8.     Despite duly and properly notifying Defendants of all proceedings relating to the arbitration by sending notices to Defendants at their addresses last known by Plaintiff and/or the American Arbitration Association ("AAA") by regular mail, certified mail and/or overnight FedEx delivery, Defendants failed to appear or participate during any proceeding.

9.     Due to the non-responsiveness of the respondents, the arbitrator allowed for the presentation of evidence by alternative means pursuant to Commercial Arbitration Rule 32(c).  The facts of the case were presented to an Arbitrator, supporting documentation as well as an affidavit were submitted into evidence.  After considering the evidence presented by Plaintiff and AAA's record, the arbitrator determined and ruled that the dispute presented for resolution was contemplated by the Arbitration Agreement and thus was properly before AAA for determination and that Defendants had received due and proper notice of all proceedings in accordance with AAA's Commercial Rules, the Franchise Agreement, and Maryland law.  The arbitrator rendered his award (the "Arbitration Award") in Maryland, in accordance with the Commercial Rules of the AAA, the parties' Franchise Agreement and laws of Maryland on July 11, 2024.  *See* Pl. Ex. 2, Arbitration Award.

10.     The arbitrator specifically found that Defendants had breached the parties' Franchise Agreement and made a monetary award in Plaintiff's favor against Defendants individually, jointly and severally in the amount of $309,493.38.  *See* Pl. Ex. 2.

11.     The Plaintiff now moves this Honorable Court to pass orders confirming the underlying Arbitration Award and to enter judgment thereupon pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9 and 13, the parties' Arbitration Agreement, and based upon complete diversity of parties' citizenship pursuant to 28 U.S.C. § 1332.

12.     Federal Courts are courts of limited subject matter jurisdiction granted only by federal statute or the United States Constitution.  Pursuant to 28 U.S.C. § 1332 (a)(1), original federal court subject matter jurisdiction exists over claims between party litigants of completely diverse citizenship and which exceed an amount in controversy of $75,000 exclusive of interest and costs.  In this case, Plaintiff has alleged and Defendants have not contested that Choice is

incorporated under Delaware law with headquarters located in North Bethesda, Maryland, that Defendant PIRI, Inc. is incorporated under Pennsylvania law, that Defendant Pirian Sivakumar is a citizen of New Jersay, and that there are no other parties to this action which are citizens of Maryland or Delaware.  Further the amount in controversy is $309,493.38 exclusive of interest and costs.  Accordingly, the threshold requirements to establish this Court's diversity jurisdiction over the subject matter of the complaint under 28 U.S.C. §1332 have been met.

13.    Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, an application to confirm an arbitration award may be made in the United States court for the district where the award was made.  Because the arbitration award was rendered in Maryland, and Choice has established diversity jurisdiction, this Court is the proper venue to hear Choice's application to confirm the award.  Moreover, the arbitrator in the underlying arbitration determined that a valid contract existed between the parties providing for arbitration and that the dispute was properly submitted to AAA for resolution by way of arbitration as it pertained to a matter arising from the franchise agreement in accordance with the Arbitration Agreement.  The arbitration was conducted pursuant to the parties' Arbitration Agreement under Maryland law and in accordance with Commercial Rules of the AAA.  An award was rendered in favor of Choice against Defendants in Maryland. The parties' arbitration agreement provides, "Judgment on the arbitration award may be entered in any court having jurisdiction." *See* Pl. Ex. 1.  Therefore, this Court is the proper venue for confirmation of and entry of judgment upon the underlying arbitration award.

14.    Defendants have not sought to challenge, modify, or vacate the arbitration award.

15.    Plaintiff is entitled to confirmation of the arbitration award and entry of judgment thereupon pursuant to 9 U.S.C. §§9 and 13.

WHEREFORE, in light of the foregoing, Plaintiff Choice Hotels International, Inc., respectfully requests that this Honorable Court confirm the Arbitration Award submitted as Plaintiff's Ex. 2 herewith and enter judgment in favor of Plaintiff and against Defendants PIRI, Inc. and Pirian Sivakumar, individually, jointly and severally, in the amount of $309,493.38, plus post-judgment interest until paid, and $400.00 for the costs of this action.

Respectfully submitted,

CHOICE HOTELS INTERNATIONAL, INC.

By: _____/s/_____

Kristen K. Bugel, Esq.
915 Meeting St., Suite 600
North Bethesda, MD 20852
301-592-5189
kristen.bugel@choicehotels.com

Counsel for Choice Hotels International, Inc.

## GROUNDS AND AUTHORITIES IN SUPPORT OF
## AMENDED APPLICATION TO CONFIRM ARBITRATION AWARD

1. The Federal Arbitration Act, 9 U.S.C. §§9, 13;

2. 28 U.S.C. §1332

3. The documents referred to herein and submitted in this matter.

_____/s/_____
Kristen K. Bugel, Esq.